## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

SCHWARTZ SIMON EDELSTEIN
CELSO & KESSLER LLP
Ten James Street
Florham Park, New Jersey 07932
(973) 301-0001
Attorneys for Defendants
SCS5901

| | |
|---|---|
| VALERIE MONTONE | CIVIL ACTION NO. |
| Plaintiff, | |
| vs. | |
| CITY OF JERSEY CITY, JERSEY CITY POLICE DEPARTMENT, MAYOR JERRAMIAH HEALY in his individual and official capacities, and POLICE CHIEF ROBERT TROY in his individual and official capacities, | **NOTICE OF REMOVAL** |
| Defendants. | |

**TO**:   THE CLERK AND THE HONORABLE JUDGES
OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Defendants City of Jersey City, Jersey City Police Department, Mayor Jerramiah Healy and Police Chief Robert Troy (collectively "Defendants") hereby remove this action from the Superior Court of New Jersey, Law Division, Hudson County, in which it is now pending, to this Court, and in support thereof state:

1.     On or about December 13, 2005, the plaintiff, Valerie Montone ("Plaintiff"), commenced a civil action in the Superior Court of the State of New Jersey, Law Division, Hudson County, entitled <u>Valerie Montone, Plaintiff v. City of Jersey City, Jersey City Police Department, Mayor Jerramiah Healy in his individual and official capacities, and Police Chief</u>

Robert Troy in his individual and official capacities, Defendants, Docket No. HUD-L-6184-05, by filing a Complaint and Jury Demand ("Complaint"). A copy of the Complaint is attached hereto as Exhibit A.

2. On December 30, 2005, Plaintiff served each defendant with the Complaint and a Summons. A copy of the Summons for the City of Jersey City is attached hereto as Exhibit B. Copies of the Summonses for the other three defendants will be provided if necessary.

3. The foregoing comprise all the process, pleadings, and orders served upon Defendants in this action.

4. In the Complaint, Plaintiff asserts, among other things, claims of free speech retaliation, political affiliation retaliation, and disparate treatment, all in violation of 42 U.S.C. § 1983, as well as a number of otherwise non-removable claims.

5. This entire case is therefore one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441 (b) & (c) and 28 U.S.C. § 1443.

6. The within Notice of Removal is being filed within the timeframe provided by 28 U.S.C. § 1446 (b).

7. Upon filing this Notice, Defendants will give written notice thereof to Plaintiff and file a copy of this Notice with the Clerk of the Superior Court of New Jersey, Hudson County.

SCHWARTZ SIMON EDELSTEIN
CELSO & KESSLER, LLP
Attorneys for Defendants

By:_____
    Stefani C. Schwartz (SCS5901)

Dated: January 19, 2006

# EXHIBIT A

FRANCIS & MANSHEL, LLC
150 Essex St., Suite 205
Millburn, New Jersey 07041
973.258.1144
*Attorneys for Plaintiff*

**FILED**
**TEAM #2**

DEC 1 3 2005

SUPERIOR COURT
OF NEW JERSEY
COUNTY OF HUDSON
CIVIL DIVISION #8

|  |  |
|---|---|
| VALERIE MONTONE,<br><br>Plaintiff,<br><br>-vs-<br><br>CITY OF JERSEY CITY, JERSEY<br>CITY POLICE DEPARTMENT,<br>MAYOR JERRAMIAH HEALY in<br>his individual and official capacities,<br>and POLICE CHIEF ROBERT<br>TROY in his individual and official<br>capacities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: HUDSON COUNTY<br>DOCKET NO.: L- 6184-05<br><br>CIVIL ACTION<br><br>COMPLAINT AND JURY DEMAND |

Plaintiff Valerie Montone, residing in the City of Jersey City, in the County of

Hudson, in the State of New Jersey, by way of Complaint, says:

## COUNT ONE

1.  Plaintiff Valerie Montone is an individual currently employed by defendants in

the office of Police Sergeant (hereinafter "Montone," or "plaintiff"). Sergeant

Montone was hired as a permanent police officer in the Jersey City Police

Department in or about January 1981. Ms. Montone has served continually on the

Jersey City police force for almost twenty five (25) years, obtaining the rank of

Sergeant in June 1996. At all times relevant to this action, Sergeant Montone has

-1-

been a resident and taxpayer in Jersey City.

2.      Defendant City of Jersey City (hereinafter "Jersey City," "defendant," or "defendants") is a municipal corporation and a civil service political subdivision of the State of New Jersey.

3.      Defendant Jersey City Police Department (hereinafter "Police Department," "PD," "defendant," or "defendants") is the established police department of the City of Jersey City.

4.      Defendant Jerramiah Healy (hereinafter "Healy," "Mayor," "defendant" or "defendants") is an individual who holds the elected office of Mayor of Jersey City. Defendant Healy is sued in both his individual and official capacities.

5.      Defendant Robert Troy (hereinafter "Troy," "Police Chief," "defendant" or "defendants") is an individual who holds the office of Chief of Police of the Jersey City Police Department. Defendant Troy is sued in both his individual and official capacities.

6.      At all times relevant to this action, each defendant has been an employer within the meaning of the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1 et seq. ("LAD").

7.      At all times relevant to this action, defendants Jersey City and the Police Department have each been a person within the meaning of the LAD.

8.      At all times relevant to this action, defendants Mayor Healy and Police Chief Robert Troy have each been an employee and/or agent of defendants Jersey City and the Police Department.

9.     At all times relevant to this action, defendants Mayor Healy and Police Chief Robert Troy have each been a public officer of defendant Jersey City and/or defendant Jersey City Police Department.

10.    At all times relevant to this action, defendants Mayor Healy and Police Chief Robert Troy have each been a person and an individual within the meaning of the LAD.

11.    At all times relevant to this action, defendant Healy was acting within the scope of his employment.

12.    At all times relevant to this action, defendant Troy was acting within the scope of his employment.

13.    Defendant Healy has been part of upper management of defendant Jersey City at all times in which he held the office of Mayor.

14.    Defendant Troy has been part of upper management of defendant Jersey City and the Police Department at all times in which he held the title, Acting Chief of Police and/or Chief of Police.

15.    At all times relevant to this action, plaintiff was an employee, person and individual within the meaning of the LAD.

16.    At all times relevant to this action, each defendant has been the agent of every other defendant.

17.    At the time plaintiff joined the Jersey City police force in 1981, she was one of only a handful of women on the force.

18.    In the last twenty-five (25) years, only one woman has reached the rank of Police

Lieutenant, and only one woman has reached the rank of Police Captain, out of current totals of thirty eight (38) Police Lieutenants and twenty five (25) Police Captains. Both of the high-ranking women were appointed by an earlier administration.

19.  In 1996, plaintiff was promoted to Police Sergeant by an earlier administration.

20.  Between 2000 and the present, the Jersey City Police Department has had vacancies in the rank of Police Lieutenant.

21.  In 2000, plaintiff was placed on the 2000-2003 eligibility list for promotion to Police Lieutenant. Plaintiff was the only woman on the eligibility list.

22.  Defendants made promotions from the 2000-2003 eligibility list.

23.  Plaintiff was not promoted from the 2000-2003 eligibility list.

24.  When the 2000-2003 eligibility list expired, plaintiff was ranked number one.

25.  Plaintiff also passed the next examination for Police Lieutenant, and her name was placed on the 2003-2006 eligibility list for promotion to Police Lieutenant in Jersey City.

26.  In October 2004, defendants made promotions to Police Lieutenant from the 2003-2006 list.

27.  Plaintiff was not promoted from the 2003-2006 list.

28.  Since October 2004, Sergeant Montone has been ranked number five (5) on the 2003-2006 eligibility list for promotion to Police Lieutenant.

29.  Since October 2004, Sergeant Montone has been the only woman on the eligibility list for Police Lieutenant.

-4-

30.     The 2003-2006 eligibility list for promotion to Police Lieutenant expires on January 15, 2006.

31.     In October 2005, defendants made promotions to the ranks of Police Sergeant, Police Captain, and Police Inspector.  However, defendants did not make a single promotion to the rank of Police Lieutenant, despite vacancies in that title.

32.     Defendants have refused to make promotions into the rank of Police Lieutenant in order to bypass plaintiff.

33.     Upon information and belief, between Fall 2004 and the present, defendant Mayor Healy has stated that defendants will not promote plaintiff.

34.     Upon information and belief, between Fall 2004 and the present, defendant Police Chief Troy has stated that defendants will not promote plaintiff.

35.     Upon information and belief, between Fall 2004 and the present, defendant Police Chief Troy has called plaintiff a "cunt" and a "cow cunt" and made other disparaging remarks about her in front of Police Captains and other high-ranking officials.

36.     Upon information and belief, defendant Police Chief Robert Troy has falsely accused plaintiff of making threats against defendant Mayor Healy's son and nephew.

37.     Upon information and belief, defendant Police Chief Robert Troy has falsely accused plaintiff of handing out naked pictures of defendant Mayor Healy at the mayor's daughter's wedding.

38.     The falsity of defendant Troy's accusations about plaintiff is most obviously

-5-

shown by the fact that at no time was disciplinary action instituted against her, and, indeed, the false accusations were made only behind her back to third parties.

39. It is common knowledge within the Jersey City Police Department that defendants will not make promotions to Police Lieutenant in order to avoid promoting plaintiff.

40. Numerous officers have told Sergeant Montone that defendants have said that she will never be promoted to Police Lieutenant.

41. At all times relevant to this action, defendant Jersey City has failed to have in place an ordinance that fixes the number of officers in each rank in the Police Department.

42. At all times relevant to this action, defendant Jersey City has failed to have in place a table of organization for the Police Department.

43. Defendants have deliberately flouted the statutory requirement of an ordinance establishing the number of police officers in each rank in order to continue to indulge unlawful motives in the decision-making process for promotions in the Jersey City Police Department.

44. Defendants have failed to promote plaintiff by reason of her gender.

45. The above actions constitute gender discrimination against plaintiff in violation of the LAD.

46. Defendants have engaged in a pattern and practice of gender discrimination.

47. Defendant Healy provided knowing and substantial assistance to every other defendant in violating plaintiff's rights under the LAD.

48. Defendant Troy provided knowing and substantial assistance to every other defendant in violating plaintiff's rights under the LAD.

49. Defendants are liable for punitive damages based on the participation and/or willful indifference of upper management and the egregiousness of the unlawful acts.

50. As a result of defendants' actions, plaintiff has suffered and continues to suffer economic loss, emotional distress, pain and suffering, psychological injury, humiliation, and damages to reputation.

## COUNT TWO

51. Plaintiff incorporates by reference each and every allegation made previously herein.

52. Sergeant Montone has engaged in protected conduct during her employment with defendants.

53. In or around 1993, plaintiff Montone and other female police officers filed a lawsuit against Jersey City and other defendants alleging severe and pervasive sexual harassment. The acts of sexual harassment against Sergeant Montone in that earlier case included graffiti referring to her as a "cow cunt" and the use of the phrase "Mooooo" and other cow references to invoke the "cow cunt" image. That lawsuit was settled in 1998.

54. Sergeant Montone's participation in and settlement of her previous lawsuit against Jersey City contributed to defendants' retaliatory animus against her.

55. In 2002, Sergeant Montone received a complaint from Officer Marissa Johnston

nee Hansen that she was being sexually harassed by then-Lieutenant Robert Troy, and Sergeant Montone escalated that complaint within the chain of command.

56. Sergeant Montone's report of Officer Johnston's sexual harassment allegations contributed to defendants' retaliatory animus against her.

57. In 2003, Sergeant Montone reported that she had been sexually harassed in December 2002 by then-Police Director, James Carter. She also reported that she had suffered retaliation as a result of rejecting Director Carter's advances.

58. Sergeant Montone's complaints about sexual harassment by James Carter and about retaliation against her for having made those complaints contributed to defendants' retaliatory animus against her.

59. During the mayoral campaign of 2004, Sergeant Montone did not support the candidacy of defendant Healy for mayor, but instead supported Louis Manzo.

60. Sergeant Montone's political affiliation with Louis Manzo and with his campaign contributed to defendants' retaliatory animus against her.

61. In or around November 2004, plaintiff asked to be allowed to remain on the day shift.

62. In or around December 2004, defendants transferred plaintiff to the night shift.

63. In April 2005, plaintiff requested a transfer from the night shift to the day shift.

64. Defendants refused to transfer plaintiff.

65. In April 2005, plaintiff requested a transfer to either the Major Case Unit or the Internal Affairs Unit, in part to secure a transfer from the night shift to the day shift.

-8-

66. Defendants refused to transfer plaintiff.

67. Less senior Police Sergeants obtained the positions in the Major Case Unit and the Internal Affairs Unit.

68. In August 2005, plaintiff filed a Notice of Tort Claim alleging that defendant Robert Troy made degrading statements about her, including statements that implied false facts about her professional abilities, qualifications and integrity, such as falsely accusing her of making threats against Mayor Healy's son and nephew, repeatedly claiming that he would never promote her to Lieutenant, and making sexually offensive and foul statements about her, like calling her a "cunt."

69. Sergeant Montone's Notice of Tort Claim contributed to defendants' retaliatory animus against her.

70. In August 2005, plaintiff submitted to defendants numerous sworn witness statements attesting to defendants' unlawful treatment of plaintiff, including but not limited to the sworn statement of a Police Captain that defendant Troy told him that plaintiff was a "cow cunt" who would never get off the night shift or be promoted to lieutenant.

71. Sergeant Montone's collection and submission to defendants of sworn witness statements contributed to defendants' retaliatory animus against her.

72. In August 2005, plaintiff filed an internal sexual harassment complaint against defendant Troy.

73. Sergeant Montone's filing of an internal sexual harassment complaint contributed to defendants' retaliatory animus against her.

-9-

74.   Upon information and belief, in Summer/Fall 2005, defendant Troy expressed anger about plaintiff's protected conduct and, in front of high-ranking officers, repeated his statements that he would not promote plaintiff to Police Lieutenant and referred to plaintiff as a "cunt."

75.   In or around September 2005, as a result of defendants' sexually offensive and disparaging statements about plaintiff, sexually offensive and retaliatory comments about plaintiff were posted on NJ.com: Jersey City Forum, including, "Mooooo, Mooooo, Mooooo" and "Just pick up a carton of milk and look for Elsie" to see plaintiff's picture.

76.   It was reasonably foreseeable that defendant Police Chief Troy's sexually offensive and disparaging comments about plaintiff would set an example and result in more widespread hostility toward plaintiff.

77.   Defendants refused to promote plaintiff, refused to transfer plaintiff to the day shift, refused to transfer plaintiff to the Major Case Unit, refused to transfer plaintiff to the Internal Affairs Unit, made sexually offensive and disparaging remarks about plaintiff, and made false accusations of wrongdoing against plaintiff, by reason of her protected conduct.

78.   By and through the actions described above, defendants retaliated against plaintiff in violation of the LAD.

79.   Defendants have engaged in a pattern and practice of unlawful retaliation for protected conduct under the LAD.

80.   Defendants are liable for punitive damages based on the participation and/or

-10-

willful indifference of upper management and the egregiousness of the unlawful acts against plaintiff Montone.

81.     As a result of defendants' actions, plaintiff has suffered and continues to suffer economic loss, emotional distress, pain and suffering, psychological injury, humiliation, and damages to reputation.

## COUNT THREE

82.     Plaintiff incorporates by reference each and every allegation made previously herein.

83.     Plaintiff reasonably believed that the above activities, policies and/or practices of which she complained or which she reported were in violation of law, a rule, or a regulation promulgated pursuant to law, or fraudulent, or criminal, or a violation of a clear mandate of public policy.

84.     By and through the actions described above, defendants retaliated against plaintiff for engaging in protected conduct in violation of the New Jersey Conscientious Employee Protection Act, N.J.S.A. § 34:19-1 et seq. ("CEPA").

85.     Defendants have engaged in a pattern and practice of unlawful retaliation for protected conduct under CEPA.

86.     Defendants are liable for punitive damages based on the participation and/or willful indifference of upper management and the egregiousness of the unlawful acts against plaintiff Montone.

87.     As a result of defendants' actions, plaintiff has suffered and continues to suffer economic loss, emotional distress, pain and suffering, psychological injury,

-11-

humiliation, and damages to reputation.

## COUNT FOUR

88. Plaintiff incorporates by reference each and every allegation made previously herein.

89. Each defendant is a "person" within the terms of 42 U.S.C. § 1983, Section 1983 of the Civil Rights Act of 1871 ("Section 1983").

90. Defendants Healy and Troy are each sued in both an individual and an official capacity under Section 1983.

91. Sergeant Montone's protected conduct constitutes speech protected by the First Amendment to the United States Constitution as expressions about matters of public concern.

92. Plaintiff's protected conduct was a substantial factor in defendants' adverse actions against plaintiff.

93. Defendants acted under color of state law in retaliating against plaintiff for her expression on matters of public concern.

94. The retaliation against plaintiff for her expression about a matter of public concern was part of a municipal policy, custom, or deliberate indifference of defendants City of Jersey City and the Police Department.

95. At all times relevant to this action, defendants Healy and Troy each have had final decision-making authority relevant to defendants' retaliatory actions against plaintiff.

96. By and through the above actions, defendants violated 42 U.S.C. § 1983 by acting

-12-

under color of state law to retaliate against plaintiff by reason of her having

engaged in speech protected by the First Amendment to the United States

Constitution as applied to the States by the Fourteenth Amendment to the United

States Constitution.

97. Defendants have engaged in a pattern and practice of free speech retaliation.

98. Defendants Mayor Healy and Police Chief Troy are liable for punitive damages

under 42 U.S.C. § 1983 because they were motivated by evil motive or intent

and/or they showed reckless or callous indifference to the federally protected

rights of plaintiff Montone.

99. As a result of defendants' actions, plaintiff has suffered and continues to suffer

economic loss, emotional distress, pain and suffering, psychological injury,

humiliation, and damages to reputation.

## COUNT FIVE

100. Plaintiff incorporates by reference each and every allegation made previously

herein.

101. By and through the above actions, defendants violated 42 U.S.C. § 1983 by acting

under color of state law to retaliate against plaintiff by reason of political

affiliation protected by the First Amendment to the United States Constitution as

applied to the States by the Fourteenth Amendment to the United States

Constitution.

102. Defendants have engaged in a pattern and practice of political affiliation

retaliation and/or patronage appointments and promotions.

-13-

103.    Defendants Mayor Healy and Police Chief Troy are liable for punitive damages under 42 U.S.C. § 1983 because they were motivated by evil motive or intent and/or they showed reckless or callous indifference to the federally protected rights of plaintiff Montone.

104.    As a result of defendants' actions, plaintiff has suffered and continues to suffer economic loss, emotional distress, pain and suffering, psychological injury, humiliation, and damages to reputation.

## COUNT SIX

105.    Plaintiff incorporates by reference each and every allegation made previously herein.

106.    Defendants have engaged in irrational and wholly arbitrary decision-making about promotions and work assignments in the Jersey City Police Department and have singled out plaintiff for intentional disparate treatment based on irrational and wholly arbitrary considerations.

107.    Defendants acted under color of state law in singling out plaintiff for disparate treatment.

108.    Defendants' irrational and arbitrary decision-making about promotions and work assignments in the Jersey City Police Department constitutes a municipal policy, custom, or deliberate indifference of defendants City of Jersey City and the Police Department.

109.    At all times relevant to this action, defendants Healy and Troy each have had final decision-making authority relevant to defendants' actions against plaintiff.

-14-

110.   By and through the above actions, defendants violated 42 U.S.C. § 1983 by acting under color of state law to subject plaintiff to intentional disparate treatment based on irrational and arbitrary considerations, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

111.   Defendants have engaged in a pattern and practice of irrational and wholly arbitrary decision-making in the Jersey City Police Department.

112.   Defendants Healy and Troy are liable for punitive damages under 42 U.S.C. § 1983 because they were motivated by evil motive or intent and/or they showed reckless or callous indifference to the federally protected rights of plaintiff.

113.   As a result of defendants' actions, plaintiff has suffered and continues to suffer economic loss, emotional distress, pain and suffering, psychological injury, humiliation, and damages to reputation.

## COUNT SEVEN

114.   Plaintiff incorporates by reference each and every allegation made previously herein.

115.   Plaintiff's protected conduct set forth herein constitutes speech protected under Article I of the New Jersey Constitution, N.J. Const., Art. 1, Para. 6.

116.   By and through the above actions, defendants retaliated against plaintiff for exercising free speech in violation of the New Jersey Constitution and/or the New Jersey Civil Rights Act, N.J.S.A. § 10:6-1 et seq.

117.   Each defendant is liable for punitive damages because the conduct was committed with malice, and/or wanton disregard of plaintiff's personal rights and

-15-

sensitivities, and/or with a foreseeability of unintended harmful consequences.

118.    As a result of defendants' actions, plaintiff has suffered and continues to suffer economic loss, emotional distress, pain and suffering, psychological injury, humiliation, and damages to reputation.

## COUNT EIGHT

119.    Plaintiff incorporates by reference each and every allegation made previously herein.

120.    Defendants Jersey City, Jersey City Police Department, Mayor Healy, and Police Chief Troy have engaged in a pattern and practice of political-affiliation retaliation and/or patronage appointments and promotions in violation of the New Jersey Constitution.

121.    By and through the above actions, defendants retaliated against plaintiff by reason of political affiliation in violation of the New Jersey Constitution and/or the New Jersey Civil Rights Act, N.J.S.A. § 10:6-1 et seq.

122.    Each defendant is liable for punitive damages because the conduct was committed with malice, and/or wanton disregard of plaintiff's personal rights and sensitivities, and/or with a foreseeability of unintended harmful consequences.

123.    As a result of defendants' actions, plaintiff has suffered and continues to suffer economic loss, emotional distress, pain and suffering, psychological injury, humiliation, and damages to reputation.

## COUNT NINE

124.    Plaintiff incorporates by reference each and every allegation made previously

-16-

herein.

125.   By and through the above actions, defendants subjected plaintiff to severe and/or pervasive sexual harassment.

126.   Defendants' conduct would not have occurred but for plaintiff's gender.

127.   A reasonable woman in plaintiff's circumstances would believe that the conditions of employment had been altered and that the work environment was hostile or abusive.

128.   Defendants Jersey City, Jersey City Police Department, and Mayor Healy knew or should have known of the sexually offensive conduct committed by defendant Police Chief Robert Troy.

129.   Defendants knew about the sexually offensive and retaliatory postings on NJ.com, because plaintiff herself reported them.

130.   Despite this knowledge or imputed knowledge, defendants failed to take prompt and effective action to stop the sexually offensive conduct.

131.   Defendants failed to have and/or failed to enforce an effective mechanism to remediate the hostile work environment.

132.   By and through the above actions, defendants discriminated against plaintiff and harassed plaintiff on the basis of her sex and/or aided or abetted such actions, in violation of the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1 et seq.

133.   Defendants are liable for punitive damages based on the participation and/or willful indifference of upper management and the egregiousness of the acts of sexual harassment.

134.    As a result of defendants' actions, plaintiff has suffered and continues to suffer economic loss, emotional distress, pain and suffering, psychological injury, humiliation, and damages to reputation.

## COUNT TEN

135.    Plaintiff incorporates by reference each and every allegation made previously herein.

136.    The actions of defendants described above constitute extreme and outrageous conduct.

137.    These actions by defendants also constitute actual malice and/or willful misconduct.

138.    By and through the actions described above, defendants intended to cause plaintiff emotional distress and/or acted recklessly in deliberate disregard of a high degree of probability that emotional distress would follow.

139.    By and through the actions described above, defendants caused plaintiff severe emotional distress.

140.    The actions by defendants alleged herein constitute the intentional infliction of emotional harm in violation of the common law of the State of New Jersey.

141.    Each defendant is liable for punitive damages because the conduct was committed with malice, and/or wanton disregard of plaintiff's personal rights and sensitivities, and/or with a foreseeability of unintended harmful consequences.

142.    As a result of defendants' actions, plaintiff has suffered and continues to suffer economic loss, emotional distress, pain and suffering, psychological injury,

-18-

humiliation, and damages to reputation.

WHEREFORE, cause having been shown, plaintiff demands judgment against defendants jointly and severally and seek the following relief:

a.   compensatory damages, including but not limited to damages for economic losses, back pay, front pay, damage to career and earning capacity, pain and suffering, psychological injury, and emotional distress;

b.   damages for harm to reputation;

c.   an award to reflect negative tax consequences of a lump sum jury award;

d.   punitive damages;

e.   attorneys' fees, interest, and costs of suit;

f.   liquidated damages;

g.   injunctive relief, including but not limited to a permanent injunction as follows:

    i.   ordering defendants to make promotions to lieutenant immediately to attain proper staffing levels;

    ii.   ordering defendants to revive the 2003-2006 eligibility list for lieutenants to the extent necessary to effectuate the promotion of plaintiff to Police Lieutenant from the 2003-2006 list;

    iii.   ordering defendants to remove from the position of lieutenant individuals promoted to that rank at any time after the filing of this action if necessary to provide a vacancy into which plaintiff can be promoted;

iv.    ordering defendants to promote plaintiff Valerie Montone to Police

Lieutenant;

v.    ordering defendants to grant plaintiff retroactive seniority as Police

Lieutenant for the entire period during which defendants

improperly failed to make promotions to Police Lieutenant;

vi.    waiving probation, working test period, police training, in-service

period, and any other requirements that would interfere with the

immediate permanent appointment of plaintiff to Police

Lieutenant;

vii.    ordering that plaintiff shall be eligible to sit for the next available

examination for promotion to Police Captain;

viii.    waiving probation, working test period, police training, in-service

period, and any other requirements that would interfere with

plaintiff's eligibility to sit for the next available examination for

promotion to Police Captain;

ix.    ordering a make-up examination for promotion to Police Captain in

the event that the examination is given during the pendency of this

action and plaintiff is not permitted to sit for it;

x.    ordering defendants to waive the requirement of time-in-service for

plaintiff to be eligible for full retirement at the rank of Police

Lieutenant;

xi.    ordering defendants to consent to crediting plaintiff with time in

service as a Police Lieutenant to the date of her retroactive promotion for any and all pension determinations or calculations;

xii.   ordering defendants to consent to crediting plaintiff with time in service as an Acting Police Lieutenant, officer in charge, tour commander, or the functional equivalent for any and all pension determinations or calculations;

xiii.   ordering defendants to create comprehensive anti-discrimination policies and complaint procedures;

xiv.   ordering defendants to prominently post and distribute anti-discrimination policies and procedures;

xv.   ordering defendants to conduct anti-discrimination training for all employees;

xvi.   ordering defendants to provide anti-discrimination training for each new hire on an ongoing basis;

xvii.   ordering defendants to perform annual evaluations of managerial employees that consider as a major factor in their review the employees' efforts to enforce anti-discrimination policies;

xviii.   ordering defendants to maintain annually compiled demographic data on the gender distribution of employees and officers in each rank;

xix.   ordering defendants to remove defendant Robert Troy from the position of Chief of Police; and,

xx.    ordering defendants to take disciplinary action against defendant

Robert Troy; and,

h.    such other relief as the Court may deem equitable and just.

**FRANCIS & MANSHEL, LLC**
*Attorneys for Plaintiff*

BY: _____
        LISA MANSHEL, ESQ.

DATED:      December 13, 2005

## JURY DEMAND

Plaintiff demands trial by jury with respect to all issues so triable.

FRANCIS & MANSHEL, LLC
*Attorneys for Plaintiff*

BY: _____
LISA MANSHEL, ESQ.

DATED:        December 13, 2005

-23-

## CERTIFICATION

Pursuant to New Jersey Court Rule 4:5-1, plaintiff hereby certifies that to her knowledge, (1) the matter in controversy is not the subject of any other pending or contemplated action in any court or arbitral forum, except that two grievances arising under different legal authority were filed on behalf of plaintiff with the New Jersey Department of Personnel on or about August 10, 2005 and November 4, 2005 and are still pending; and, (2) there are no non-parties who must be joined in this action. Plaintiff recognizes the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification.

FRANCIS & MANSHEL, LLC
*Attorneys for Plaintiff*

BY: _____
LISA MANSHEL, ESQ.

DATED:        December 13, 2005

-24-

## DESIGNATION OF TRIAL COUNSEL

Lisa Manshel, Esq. is hereby designated as trial counsel in the within matter.

**FRANCIS & MANSHEL, LLC**
*Attorneys for Plaintiff*

BY: _____
LISA MANSHEL, ESQ.

DATED:        December 13, 2005

Montone.057

EXHIBIT B

**FRANCIS & MANSHEL, LLC**
150 Essex St., Suite 205
Millburn, New Jersey 07041
973.258.1144
*Attorneys for Plaintiff*

| | |
|---|---|
| VALERIE MONTONE, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: HUDSON COUNTY |
| Plaintiff, | DOCKET NO.: L-006184-05 |
| -vs- | CIVIL ACTION |
| CITY OF JERSEY CITY, JERSEY CITY POLICE DEPARTMENT, MAYOR JERRAMIAH HEALY in his individual and official capacities, and POLICE CHIEF ROBERT TROY in his individual and official capacities, | SUMMONS |
| Defendants. | |

From The State of New Jersey
To The Defendant(s) Named Above:   City of Jersey City

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

DONALD F. PHELAN
Clerk of the Superior Court

DATED:        December 23, 2005
Name of Defendant to be Served:    Defendant City of Jersey City
Address of Defendant to be Served:   City Hall, 280 Grove St., Jersey City, NJ 07302, 201-547-5000
Montone.071

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Case Processing Section, Room 119
Justice Center, 10 Main St.
Hackensack, NJ 07601-0769

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
1st Fl., Hall of Records
101 S. Fifth St
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Box DN-209
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts., P.O. Box 615
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
50 West Market Street
Room 131
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6207
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street., P.O. Box 129
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House - 1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 South Broad St., P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Administration Building
Third Floor
1 Kennedy Sq., P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Pl., P.O. Box 910
Morristown, NJ 07960-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton St.
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 345-7171

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market St., P.O. Box 18
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5628
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Fl.
P.O. Box 3000
Somerville, NJ 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
EGAL SERVICES
(908) 354-4340

**WARREN COUNTY**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 475-2010