<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| VALERIE MONTONE, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF JERSEY CITY et al., <br><br> Defendants. | Civil Action No. 06-280 (SRC) (MAS) <br><br> **OPINION & ORDER** |

**<u>CHESLER, U.S.D.J.</u>**

  This matter comes before the Court on the motion to reopen the case and to reassert supplemental jurisdiction by Defendants City of Jersey City, Jersey City Police Department, and Jerramiah Healy (collectively, "Jersey City"). For the reasons stated below, the motion will be denied.

  This case arises in the context of employment disputes between Plaintiff and Jersey City. In June of 2011, this Court granted in part Defendants' motion for summary judgment, resolving all of the federal claims of Plaintiff and remanding the remaining state law claims to the Superior Court of New Jersey. The case was appealed to the Third Circuit, which vacated this Court's judgments, thus reinstating federal claims.

  Defendants now ask this Court both to reopen the case and to "exercise supplemental jurisdiction over Plaintiff's state law claims." (Defs.' Br. 4.) The problem for Defendants, in short, is that this Court lacks the power to do what they request. There appears to be no precedent or authority for reasserting supplemental jurisdiction, whatever that means. Defendants essentially ask this Court to inject itself into the state court proceedings and take the

remanded case back, but they propose no legal theory for how this might be possible.

In June of 2011, this Court remanded the state law claims to the Superior Court of New Jersey. As the Third Circuit explained in <u>Agostini v. Piper Aircraft Corp.</u>, 729 F.3d 350, 355 (3d Cir. 2013): "the mailing of a certified copy of the remand order to state court is the event that formally transfers jurisdiction from a district court within this Circuit to a state court." It was at that moment – long past – that this Court's jurisdiction over the state claims in this case ended. Defendants' motion appears to be premised on the wish that this Court has the power to undo what it did, but it does not: having relinquished jurisdiction with finality over the state law claims, this Court has no power to take them back. Defendants offer no cases which show the contrary. The motion will be denied.

For these reasons,

**IT IS** on this 15th day of August, 2014,

**ORDERED** that this case is **REOPENED**; and it is further

**ORDERED** that Defendants' motion to reassert supplemental jurisdiction (Docket Entry No. 202) is **DENIED**.

                                         s/ Stanley R. Chesler
                                 Stanley R. Chesler, U.S.D.J.