**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

NOT FOR PUBLICATION

| | |
|---|---|
| VALERIE MONTONE | |
| Plaintiff, | **Civil Action No. 6-280 (SRC)** |
| | **Civil Action No. 6-3790 (SRC)** |
| v. | |
| | **OPINION & ORDER** |
| CITY OF JERSEY CITY, ET AL., | |
| Defendants. | |
| JOHN ASTRIAB, ET AL., | |
| Plaintiffs, | |
| v. | |
| CITY OF JERSEY CITY, ET AL., | |
| Defendants. | |

**CHESLER**, District Judge

This matter comes before the Court upon the filing by Defendant Robert Troy of a motion to communicate directly with a member of the jury. Docket No. 356. Plaintiffs oppose this motion (Docket No. 357), and Defendant Troy has submitted a reply brief. Docket No. 358. The Court has reviewed the parties' submissions and proceeds to rule without oral argument. See Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendant's motion is denied.

**I.     Background**

This case concerns an employment dispute between Plaintiffs, all retired police sergeants of the Jersey City Police Department, and the City of Jersey City, its former mayor Jerramiah

1

Healy, and its former police chief Robert Troy. The two above-captioned cases were consolidated for trial purposes, and a jury trial was held before this Court from April 16 to May 2, 2018. In its verdict, the jury found that Plaintiff Montone's political affiliation and expression about a matter of public concern were substantial or motivating factors in Jersey City's decision not to make promotions from the 2003-2006 Lieutenant's list, and that Plaintiff Montone's conduct, which is protected by the NJ Law Against Discrimination, played a role and made an actual difference in this decision. Docket No. 335 (indicating 'Yes' to questions 1, 2, and 3). The jury awarded a verdict of $276,834 for Plaintiff Montone and approximately $1.9 million for the other eight Plaintiffs. The jury did not award punitive damages. Docket No. 337.

On May 21, a member of the jury contacted counsel for Defendant Troy through the counsel's firm website. With the subject line "jury deliberations – Montone case," the juror wrote:

> Hello, This message is for Mr. Carmagnola and not for legal advice. As a member of the jury for the Montone vs. Jersey City case, I was wondering if you'd like to know a few details that pushed the jury to decide in favor of Montone and the Astriab plaintiffs. I know if I spent as many years as you did on a case I'd want to know what happened!

Docket No. 356-2, Ex. 1.

## II. Discussion

Defendant argues that communication with the juror is necessary to determine "if the deliberative process was interfered with or the verdict tainted in any way." Def. Br. 6. Such an inquiry is governed by Federal Rule of Evidence 606(b), which concerns post-trial juror testimony "during an inquiry into the validity of a verdict or indictment." Rule 606 forbids jurors from testifying about "any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental

processes concerning the verdict or indictment." Fed. R. Evid. 606(b)(1). Under Local Civil Rule 47.1(e), attorneys may not "directly or indirectly interview, examine or question any juror. . . during the pendency of the trial or with respect to the deliberations or verdict of the jury in any action, except on leave of Court granted upon good cause shown."

The juror's email—referencing "details that pushed the jury" in rendering its verdict and exclaiming how defense counsel must "want to know what happened!"— implicates information protected by Rule 606 and Local Rule 47.1(e). The purpose of Rule 606 is to preserve the privacy of jury deliberations as well as the integrity and finality of the verdict. Tanner v. United States, 483 U.S. 107, 118-20 (1987). Such communication is only permitted under certain narrow circumstances, where "(A) extraneous prejudicial information was improperly brought to the jury's attention; (B) an outside influence was improperly brought to bear on any juror; or (C) a mistake was made in entering the verdict on the verdict form." Fed. R. Evid. 606(b)(2).

The juror's email indicates no such extraneous or outside influences. Without such a preliminary showing, this Court will not override the clear mandate of Rule 606 and Local Rule 47.1(e). See United States v. Lloyd, 269 F.3d 228, 237 (3d Cir. 2001) ("If courts were to permit a lone juror to attack a verdict through an open-ended narrative concerning the thoughts, views, statements, feelings, and biases of herself and all other jurors sharing in that verdict, the integrity of the American jury system would suffer irreparably.") (quoting United States v. Gonzales, 227 F.3d 520, 527 (6th Cir.2000)); Quintana v. Adm'r, 2017 WL 4329736, at *9 (D.N.J. Sept. 29, 2017) ("The validity of a verdict may only be challenged where there is evidence of extraneous prejudicial information or an outside influence which may have affected the jury in its ability to render a verdict. Where the problem is an intra-jury issue, courts have consistently held that the sanctity of the jury's verdict should not be disturbed") (quoting Suarez v. Mattingly, 212 F.

Supp.2d 350, 355 (D.N.J. 2002).

Notwithstanding the clear language from Rule 606 and Local Civil Rule 47.1(e), Defendant advances two broad arguments in favor of communicating with the juror. Defendant asserts that the "clear language of that Local Rule 47.1(e) does not apply to the circumstances herein since the juror initiated the communication with counsel." Docket No. 358 ("Def. Reply") 1. Based on its language, however, the application of Local Civil Rule 47.1(e) does not turn on whether counsel or the juror initiates post-trial communication. Rather, the rule broadly states that attorneys are not permitted to "directly or indirectly interview, examine or question" jurors regarding their deliberation or verdict. It is not possible for counsel for Defendant Troy to respond to the juror's email without violating this stricture.

Defendant argues unpersuasively that the "the focus should be on the juror's ability to engage in the speech without unnecessary restrictions" (Reply 2), and that a "court order prohibiting the juror from further discussions with defense counsel, as the juror has expressed, would violate the juror's constitutional rights." Id. Defendant mistakes the scope of Rule 606 and Local Civil Rule 47.1(e). By this Order, the Court imposes no restrictions or limitations on First Amendment rights, including the juror's right to send unsolicited post-trial emails. The juror's constitutional rights do not vitiate, however, the prohibition on counsel—pursuant to Federal Rule of Evidence 606(b) and Local Civil Rule 47.1(e)—from interviewing, examining or questioning jurors about the deliberative process or the verdict. As such, while unsolicited, *sua sponte* post-trial contact from members of the jury is not barred under the Rules, this Court will bar under these Rules any response by counsel for either party to such unsolicited communication.

### III. Conclusion

For the forgoing reasons, this Court will **DENY** Defendant's motion to communicate directly with the juror.

                                                                             /s Stanley R. Chesler
                                                                            STANLEY R. CHESLER
                                                           United States District Judge

Date: July 11, 2018