UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VALERIE MONTONE, <br><br> Plaintiff, <br> v. <br><br> CITY OF JERSEY CITY, JERSEY CITY POLICE DEPARTMENT, MAYOR JERRAMIAH HEALY, and POLICE CHIEF ROBERT TROY, <br><br> Defendants. | **Civil Action No. 06-280 (SRC)** |
| JOHN ASTRIAB, CLYDE BANKS, JAMES BUCKLEY, WILLIAM CULLINANE, RICHARD DESTEFANO, DAVID LABRUNO, EZIO SCERBO, and JOHN WHALEN, <br><br> Plaintiffs, <br> v. <br><br> CITY OF JERSEY CITY, JERSEY CITY POLICE DEPARTMENT, MAYOR JERRAMIAH HEALY, POLICE CHIEF ROBERT TROY, and BUSINESS ADMINISTRATOR BRIAN O'REILLY, <br><br> Defendants. | **Civil Action No. 06-3790 (SRC)** <br><br> **OPINION** |

**CHESLER**, District Judge

This matter comes before the Court on motions filed by both Defendant Jerramiah Healy and Defendant Robert Troy for judgment as a matter of law or, in the alternative, for a new trial.

1

The motions have been fully briefed, and the Court has reviewed the papers filed by the parties. It proceeds to rule on the motions without oral argument. See Fed. R. Civ. P. 78(b). For the reasons that follow, the Court will grant Defendant Healy and Defendant Troy's motions for a new trial, and the Court will deny Defendants' renewed motions for judgment as a matter of law.

## I. BACKGROUND

This is a civil action wherein Plaintiffs sought judgment against Defendants based on employment discrimination claims and Defendants' failure to promote the Plaintiffs. Trial in this matter was held before this Court and began on April 16, 2018. After a three-week trial, the jury returned a verdict on May 2, 2018. The jury found that Defendants had failed to promote all of the Plaintiffs for unlawful reasons, but rejected Plaintiff Montone's claim that she was subjected to a hostile work environment. The jury awarded economic damages to each Plaintiff but did not award any compensation for emotional distress.

## II. SUBJECT MOTIONS

On September 18, 2019 and September 19, 2019, Defendants Jerramiah Healy and Robert Troy, respectively, submitted renewed motions for judgment as a matter of law, or in the alternative, a new trial.[1] Defendants Healy and Troy argue that the evidence presented at trial was insufficient to sustain a verdict as to either Healy or Troy's individual liability for the unlawful employment practices implemented by Jersey City and the Jersey City Police Department.

---

[1] Defendant Jerramiah Healy's motion was technically filed on behalf of Jerramiah Healy and Jersey City, but the arguments within the motion only pertain to Jerramiah Healy and counsel solely argues on behalf of Defendant Healy.

2

Alternatively, Defendants Healy and Troy move for a new trial. Defendants principally argue that the verdict sheet fails to establish individual liability against either Healy or Troy. This argument is based on the wording of question number six (6) on the verdict sheet. The resulting Order of Judgment uses the same language regarding Healy and Troy's liability, and defendants argue that this judgment cannot be enforced.

### III. DISCUSSION

Defendants previously moved before this Court for judgment as a matter of law on April 24, 2018. Finding that sufficient evidence was presented to the jury to find any of the Defendants liable for the alleged acts of employment discrimination, the Court denied Defendants' motion. For the same reasons that this Court previously relied upon, the Court will deny Defendants' renewed motion for judgment as a matter of law and will address Defendants' alternative motion for a new trial.

Defendants bring their motion for a new trial based, in part, on an error in the verdict sheet. Question number six (6) on the final verdict sheet stated as follows: "Have plaintiffs proved that defendants, Robert Troy or Jerramiah Healy, knowingly and substantially assisted Jersey City in discrimination or retaliation against Valerie Montone?" (ECF 327.) The jury was asked to answer either "Yes" or "No," and answered in the affirmative. Significantly, this was the only question that was asked of the jury as to the liability of Healy and/or Troy. Defendants Troy and Healy argue that, in light of this error, the Court should exercise its discretion under the plain error doctrine and grant defendants' motion for a new trial. In response, Plaintiff argues that the verdict sheet was agreed upon by the parties and the erroneous language was the result of Defendants' invited error. Because of this, Plaintiff contends that a post-trial objection to this error cannot be grounds for a new trial. Moreover, Plaintiff argues that

the error is harmless and lacks any practical significance because Defendants Troy and Healy will be indemnified by Jersey City. Defendants dispute the allegation that they requested the inclusion of this wording and claim that they requested that the verdict sheet ask the jury to apportion fault among three defendants: Jersey City, Healy, and Troy.

Defendants are correct that the use of the word "or" in question number six (6) has resulted in an ambiguous verdict. The Court cannot determine which defendants were found to have assisted Jersey City in its unlawful acts against Plaintiff Montone. As the verdict sheet currently reads, the possibility remains that the jury may have found that only Troy assisted Defendant Jersey City, or only Healy assisted Defendant Jersey City. The Court is unable to resolve this ambiguity. This ambiguity also appears in the Order of Judgment which states that "judgment is hereby entered in favor of all plaintiffs and against defendant Robert Troy or Jeremiah Healy for knowingly and substantially assisting Jersey City in discrimination or retaliation against Valerie Montone." (ECF 393.) As is, the jury's verdict and Order of Judgment cannot be enforced against either Defendant Healy or Defendant Troy because the Court cannot determine which defendant was found liable by the jury.

In their submission in opposition to Defendants' motions, Plaintiff directs this Court to several cases wherein the waiver of an objection to a general verdict foreclosed the parties from appealing that verdict form in support of a new trial. See Morse v. Fusto, 804 F.3D 538 (2d Cir. 2015); Marra v. Philadelphia Housing Authority, 497 F.3d 286 (3d Cir. 2007). Plaintiff argues that this Court should similarly apply the invited error doctrine and find that any objection to the form of the verdict sheet was waived by the parties' failure to object and their submission of the proposed questions to the Court. However, the resulting verdicts in the cases cited by Plaintiff were not inconsistent or vague, but rather, were permissible and enforceable verdicts. Unlike in

Morse and Marra, the resulting verdict in the matter before this Court has created an unenforceable judgment and therefore the verdict cannot stand as it relates to Healy and Troy. Thus, there is no need for the Court to determine whether the language was requested by Defendant Healy or Defendant Troy, and whether this constitutes invited error. See Fryman v. Federal Crop Ins. Corp., 936 F.2d 244, 251 (6th Cir. 1991) ("[T]he doctrine of invited error . . . should not be read to stand for the proposition that invited error forecloses relief when the interests of justice demand otherwise . . . ."). The Court finds that the inclusion of this question in the verdict sheet, in the way in which it was asked, constitutes plain error. See Lesende v. Borrero, 752 F.3d 324, 336 (3d. Cir. 2014) (quoting Franklin Prescriptions, Inc. v. N.Y. Times Co., 424 F.3d 336, 340 (3d Cir. 2005)) ("'Under the plain error standard, we consider, inter alia, the obviousness of the error, the significance of the interest involved, and the reputation of judicial proceedings if the error stands uncorrected.'"). In order to rectify this error, the existing verdict and order of judgment against Troy and Healy must be vacated and a new trial is necessary. See McCormick v. City of Wildwood, 439 F. Supp. 769, 773 (D.N.J. 1977) ("[I]t is a court's right and duty to order a new trial if it deems it in the interest of justice to do so.").

Due to the wording of the verdict sheet, the Court cannot determine whether the jury found Troy or Healy, or both Troy and Healy liable. Thus, a judgment against both Troy and Healy clearly violates the rights of both defendants, and a judgment against "Troy or Healy" is unenforceable. In light of this, the Court will exercise its discretion under the plain error standard and grant Defendants' motions for a new trial as it relates to Defendant Healy and Defendant Troy only.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Defendants' renewed motion for judgment as a matter of law and will grant Defendants' motion for a new trial. An appropriate Order will be filed.

s/ Stanley R. Chesler<br>
STANLEY R. CHESLER<br>
United States District Judge

Dated: January 16, 2020